LEE, J., for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On October 17,1998, Daniel Murrell, Sr., was arrested for domestic violence (second offense) stemming from an incident with his wife Phyllis Murrell. On November 16, 1998, the Indianola Municipal Court Judge found Murrell guilty of the crime but postponed sentencing pending counseling for one year. Murrell committed other acts of domestic violence within this one year and the court imposed a sentence on February 4, 2000.
¶ 2. Murrell appealed his conviction to the Sunflower County Circuit Court and, after a de novo trial without a jury, the trial judge found Murrell guilty of simple domestic violence and sentenced him to serve six months in the county jail. The judgment was entered on February 15, 2002, and Murrell now appeals to this Court. In his appeal, Murrell argues that: (1) the municipal court lacked jurisdiction to impose a sentence in February 2000, after the conviction in November 1998, at which time no sentence was imposed and (2) the State failed to prove he had a prior conviction for simple domestic violence.
DISCUSSION OF ISSUES
I. DID THE MUNICIPAL COURT LOSE JURISDICTION AFTER FAILING TO IMPOSE A SENTENCE AFTER MURRELL’S CONVICTION IN NOVEMBER 1998?
¶ 3. With his first argument, Murrell contends that the municipal court’s decision to continue the case for one year before sentencing operated to deprive the court of jurisdiction over him. Murrell further argues that because he was not sentenced directly after being found guilty, he was not actually convicted.
¶ 4. The record of proceedings from the Indianola Municipal Court states as follows:
Proceedings and Sentence in Full with Date of Same:
Found guilty, sentencing postponed pending counseling. If no more charges filed in a one year time frame case will be passed to the file. September 27th, 1999, case brought back into court since additional charges of domestic violence were filed against defendant on 09-14-99. 02-14-2000 defendant received a $500.00 fine, 6 mos. suspended sentence, *185 judge advised he would retain jurisdiction for 1 year.
¶ 5. According to Mississippi Code Annotated Section 21-23-7 (Rev.2001), the authority given to a municipal court judge is expressly set out in section 5.
(5) The municipal judge of any municipality is hereby authorized to suspend the sentence and to suspend the execution of the sentence, or any part thereof, on such terms as may be imposed by the-municipal judge. However, the suspension of imposition or execution of a sentence hereunder may not be revoked after a period of two (2) years.
Murrell claims that this section does not apply in this case because he was not given a sentence. However, we find that the statute applies directly to Murrell’s case. The municipal judge found Murrell guilty and used his discretion in determining an appropriate sentence and fine. Murrell violated the order of the municipal judge by committing another act of domestic violence and, therefore, was subject to the terms proposed by the judge.
¶ 6. Murrell also cites Mississippi Code Annotated Section 21-13-9 as authority for his contention that the municipal court had a maximum statutory jurisdiction. However, as that particular statute has no relevance to this case, we note that Murrell means to rely upon Mississippi Code Annotated Section 21-13-19 (Rev.2001). This statute states that the penalty of incarceration is limited to “no more than six (6) months in jail, and any fine is hereby limited to a maximum of one thousand dollars ($1,000.00) for each such violation in any case tried without a jury.” Miss. Code Ann. § 21-13-19 (Rev.2001). We fail to see how this statute supports Murrell’s argument concerning the jurisdiction of the municipal judge.
¶ 7. After postponing sentencing pending counseling, the municipal judge, pursuant to Mississippi Code Annotated Section 21-23-7 (Rev.2001), had two years within which to impose or execute the sentence upon Murrell if he violated a condition of the suspension. Murrell was found guilty in November 1998, charged with another act of domestic violence in September 1999, and was ultimately sentenced in February 2000, well within the two years prescribed by the statute. We find no merit with this issue.
II. DID THE STATE FAIL TO PROVE MURRELL HAD A PRIOR CONVICTION FOR SIMPLE DOMESTIC VIOLENCE?
¶ 8. At his trial de novo in the Circuit Court of Sunflower County, Murrell was charged with domestic violence, second offense. At the close of the City’s case Murrell moved for a dismissal of the charge of domestic violence, second offense based on the fact that the City did not prove a prior conviction for domestic violence. Murrell claims the City did not provide proper documentation of his prior conviction for domestic violence. However, according to an order signed January 29, 2002, the trial judge considered Mur-rell’s motion for a dismissal and found that it should be granted in part to dismiss any second offense aspect of the charge. The judge further states that the State did not produce any documentary evidence to prove Murrell’s prior conviction nor could the State use testimony to establish the conviction.
¶ 9. Although the judge dismissed any second offense aspect of the charge, after considering the evidence and testimony, the judge found beyond a reasonable doubt that Murrell was guilty of simple domestic violence. As Murrell’s argument consists entirely of protesting the method by which the City used to introduce the prior conviction and the judge dismissed *186 the second offense status, we fail to see any merit to this issue.
¶10. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT OF CONVICTION OF SIMPLE DOMESTIC VIOLENCE AND SENTENCE OF SIX MONTHS IN THE COUNTY JAIL IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.